COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Harold Joseph Johnson, Jr. v. The State of Texas

Appellate case number:    01-13-00336-CR

Trial court case number:  1292847

Trial court:              262nd District Court of Harris County

Appellant's retained trial counsel has filed a copy of an order granting his motion to withdraw that was signed by the trial court on April 17, 2013. However, on April 16, 2013, the notice of appeal was received in this Court along with the clerk's record, and there was no reporter's record taken in the underlying case. Accordingly, the trial court was without jurisdiction to sign the April 17, 2013 order. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."). Further, there is nothing in the record showing that appellant has been admonished regarding the dangers and disadvantages of self-representation and has knowingly and intelligently waived his right to counsel.

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which a representative of the Harris County District Attorney's office, appellant's trial counsel Don Cantrell, and appellant shall be present in person. If appellant is now incarcerated, he may appear by closed video teleconference.* We direct the trial court to make written findings regarding the following issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether Don Cantrell should be permitted to withdraw as appellant's attorney;

---

\*       Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

3) If Don Cantrell is permitted to withdraw; determine
   a. If appellant is now indigent and, if indigent, sign a written order appointing counsel on appeal;
   b. If appellant is not indigent, whether appellant has retained another attorney to file a brief,
      i. If so, obtain the name, address, and telephone number of retained counsel and direct that this information be included in a supplemental clerk's record to be sent to this Court;
      ii. If appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
          1. make a written finding regarding whether appellant is knowingly and intelligently waiving his right to counsel; or,
          2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney no later than 20 days from the date of the hearing. The trial court shall hold a hearing on that date at which appellant's new counsel shall be present. If appellant has not hired new counsel by that date, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and make a written finding regarding whether appellant is knowingly and intelligently waiving his right to counsel.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d), (f), 26.04 (West Supp. 2011); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter record the hearing(s) and file the reporter's record(s) with this Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to the hearing(s) shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record(s) of the hearing(s) are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.**

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
          ☑ Acting individually     ☐ Acting for the Court

Date: __May 24, 2013_____